Hon. Robert Flacke Commissioner New York State Department of Environmental Conservation
The New York State Department of Environmental Conservation (DEC) desires to enter into a cooperative agreement with the United States Department of the Interior (Interior) under the Federal Endangered Species Act of 1973 to conserve endangered and threatened species of plants (16 U.S.C. § 1531, et seq.). Federal law authorizes two types of cooperative agreements, denoted by Interior as "Full" and "Limited" Authorities Agreements (16 U.S.C. § 1535 [c] [2]; June 7, 1980 Memorandum from Donald Barry, Assistant Solicitor, Fish and Wildlife, Interior to the Associate Director, Federal Assistance, Fish and Wildlife, Interior, regarding the eligibility of New York State to participate in cooperative agreements [Memorandum]).
A State must meet certain eligibility requirements to enter into a cooperative agreement. DEC desires to enter into a "Limited Authorities Agreement" requiring that the following eligibility criteria be met:
 1. The State agency must be authorized to conduct investigations to determine the status and requirements for survival of resident species of plants; and
 2. Provision must be made for public participation in designating resident species of plants as endangered or threatened. (16 DSC, § 1535 [c] [2] [i].)
Interior has requested an opinion by the New York State Attorney General interpreting State law and regulations, so that a determination can be made whether the State meets the eligibility requirements for participation in a "Limited Authorities Agreement" (Memorandum).
DEC is authorized to promulgate and adopt lists of plants which by reason of their endangered, rare, threatened or exploitably vulnerable status should be protected (Environmental Conservation Law, § 9-1503 [2]). In addition to this specific authorization DEC has responsibility for fulfilling the declared environmental policy of the State of New York (id., § 1-0101). This policy includes the conservation, improvement and protection of the natural resources and environment of the State (id., § 1-0101 [1]). It is also State policy to improve and coordinate environmental plans, functions, powers and programs and to promote conditions under which man and nature can thrive in harmony with each other (id., § 1-0101 [2], [3]). In carrying out these policies the Commissioner of DEC is empowered to:
 1. Coordinate and develop policies, planning and programs relating to the environment of the State;
 2. Promote and coordinate management of water, land and wildlife resources to ensure their protection;
 3. Provide for the propagation, protection and management of wildlife and the preservation of endangered species;
 4. Encourage and undertake scientific investigation and research on the ecological process;
 5. Monitor the environment to afford more effective and efficient control practices, to identify changes and conditions in ecological systems and to warn of emergency conditions;
 6. Cooperate with the executive, legislative and planning authorities of the United States; and
 7. Undertake studies, inquiries and surveys deemed relevant through the personnel of DEC. (Id., § 3-0301 [1] [a], [b], [c], [r] and [t]; § 3-0301 [2] [f].)
We conclude that the statutory provisions referenced above provide the necessary authority for DEC to conduct investigations to determine the status and requirements for survival of resident species of plants.
The second eligibility requirement is that provision be made for public participation in designating resident species of plants as endangered or threatened. In the preparation of lists of plants which by reason of their endangered, rare, threatened or exploitably vulnerable status should be protected, DEC is required to consult and cooperate with affected public or private organizations (id., § 9-1503 [2]). Additionally, in fulfilling the overall environmental policy of the State, DEC is authorized to undertake studies, inquiries and surveys in cooperation with any public or private agencies (id., § 3-0301 [2] [f]). We note that the procedure by which DEC promulgates lists of protected plants is by rule (id., § 9-1503 [2]). Prior to the adoption of a rule, a State agency must give the public notice of the proposed rule and an opportunity for comment (State Administrative Procedure Act, § 201, et seq.). We believe that the statutory provisions referenced above provide the necessary authority for DEC to comply with public participation requirements established by law.
We conclude that DEC possesses the necessary statutory authority to qualify for participation in a "Limited Authorities Agreement" under the Federal Endangered Species Act of 1973 for the conservation of endangered and threatened plants.